**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

DAVID DUSTERHOFT and VICKY
DUSTERHOFT,

                    Plaintiffs,

vs.

                             Case No.: 2:09-cv-12372-PJD-MJH

CERTEGY PAYMENT RECOVERY
SERVICES, INC., CERTEGY, INC.,            Hon. Patrick J. Duggan
CERTEGY CHECK SERVICES, INC., And
FIDELITY NATIONAL INFORMATION
SERVICES, INC.,

                    Defendants.

| | |
|---|---|
| DAVID R. HEYBOER (P-27975) | MICHAEL P. DONNELLY (P-45221) |
| **HEYBOER & FLOYD, PLLC** | **FRASER TREBILCOCK DAVIS &** |
| Attorney for Plaintiffs | **DUNLAP, P.C.** |
| 511 Fort Street, Suite 532 | Attorneys for Defendants |
| Port Huron, MI 48060 | One Woodward Ave., Suite 1550 |
| (810) 982-5400 | Detroit, MI 48226 |
| Fax: (810) 982-1148 | (313) 237-7300 |
| hflaw@iwarp.net | Fax:  (313) 961-1651 |
| | mdonnelly@fraserlawfirm.com |

**COMBINED MOTION TO DISMISS**
**AND FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

      NOW COME Defendants, Certegy Payment Recovery Services, Inc., Certegy, Inc.,

Certegy Check Services, Inc., and Fidelity National Information Services, Inc., by and through

their attorneys Fraser Trebilcock Davis & Dunlap, P.C., and for their Motion to Dismiss and for

Summary Judgment state as follows:

      1.      Plaintiffs filed their Complaint against Certegy Payment Recovery Services, Inc.,

Certegy, Inc., and Certegy Check Services, Inc. on May 14, 2009, alleging violation of the

Michigan Collection Practices Act (Count I), violation of the Michigan Consumer Protection Act

(Count II), intentional infliction of emotional distress (Count III), negligent infliction of

emotional distress (Count IV), invasion of privacy (Count V) and violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (Count VI). Plaintiffs' Complaint is based solely upon telephone calls that Plaintiffs allegedly received at their home from a facsimile telephone line that they attribute to one or more of the Defendants.

2.    On or about June 3, 2009, Plaintiffs filed their First Amended Complaint to add Fidelity National Information Service, Inc. The First Amended Complaint contained the same counts as the original Complaint.

3.    Defendants removed the matter to this Court on June 19, 2009. In lieu of an answer, Defendants bring this motion pursuant to Fed. R. Civ. Pro. 12(b)(6) and Fed. R. Civ. Pro. 56.

4.    Defendants' investigation has determined that the facsimile telephone line from which the alleged telephone calls were coming from was at the time operated by Fidelity National Card Services, Inc., which is not a Defendant in this lawsuit nor is it a collection agency.

5.    The facsimile telephone line that Plaintiffs allege made telephone calls to their home telephone number was part of a larger computer system and was not associated with a specific fax machine. It was associated with a dispute line intended for receiving faxes only, and not for outgoing faxes.

6.    Defendants and Fidelity National Card Services, Inc. have reviewed their records and neither Plaintiffs nor their telephone number show up in any capacity in their system, and specifically, not as a debtor. Therefore, it appears that the calls were a result of a computer glitch, which simply chose the Plaintiffs' number at random.

7. Plaintiffs have alleged that Defendants violated the Michigan Collection Practices Act, the Michigan Consumer Protection Act and the federal Fair Debt Collection Practices Act by virtue of making phone calls in an attempt to collect a debt. But as stated above, none of the Defendants were attempting to collect a debt from the Plaintiffs. Therefore, all of the statutory counts against the Defendants must fail as none of the actions, intentional or unintentional on the part of Defendants or Fidelity National Card Services, Inc., were in an effort to collect a debt.

8. With regard to the common law claims of intentional infliction of emotional distress, negligent infliction of emotional distress and invasion of privacy, Plaintiffs have failed to state a claim and there is no genuine issue of material fact since there is no evidence that any of the actions with regard to Defendants or Fidelity National Card Services, Inc. was done intentionally or that such actions would rise to the level of being so outrageous and beyond action in a civilized society as to meet the threshold for the common law claims.

9. Furthermore, the alleged offending facsimile telephone number was not operated by any of the Defendants in this case.

10. Therefore, Plaintiffs have failed to state a claim against Defendants in this case and there is no genuine issue of material fact that Plaintiffs cannot support their claims against the Defendants in this matter.

11. On July 16, 2009, Plaintiffs were advised through their counsel of the facts as stated above and Defendants requested Plaintiffs to dismiss this lawsuit with prejudice or otherwise concur in the present motion. They refused to do so.

12. Plaintiffs' action is not supported in law or in fact and therefore constitutes a frivolous action pursuant to Fed. R. Civ. Pro. 11. Defendants request that this Court award

sanctions to Defendants in the amount of actual attorney fees and costs incurred by the Defendants in this matter.

WHEREFORE, Defendants respectfully request this Honorable Court to dismiss Plaintiffs' lawsuit with prejudice and award sanctions of attorney fees and costs incurred by Defendants.

Respectfully submitted,

**FRASER TREBILCOCK DAVIS & DUNLAP, P.C.**
Attorney for Defendants

By: /s/ Michael P. Donnelly
MICHAEL P. DONNELLY (P-45221)
One Woodward Ave., Suite 1550
Detroit, MI 48226
Phone:  (313) 237-7300
Fax:  (313) 961-1651
mdonnelly@fraserlawfirm.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

DAVID DUSTERHOFT and VICKY
DUSTERHOFT,

                    Plaintiffs,

vs.

                                                      Case No.: 2:09-cv-12372-PJD-MJH

CERTEGY PAYMENT RECOVERY
SERVICES, INC., CERTEGY, INC.,                        Hon. Patrick J. Duggan
CERTEGY CHECK SERVICES, INC., And
FIDELITY NATIONAL INFORMATION
SERVICES, INC.,

                    Defendants.

| | |
|---|---|
| DAVID R. HEYBOER (P-27975) | MICHAEL P. DONNELLY (P-45221) |
| **HEYBOER & FLOYD, PLLC** | **FRASER TREBILCOCK DAVIS &** |
| Attorney for Plaintiffs | **DUNLAP, P.C.** |
| 511 Fort Street, Suite 532 | Attorneys for Defendants |
| Port Huron, MI 48060 | One Woodward Ave., Suite 1550 |
| (810) 982-5400 | Detroit, MI 48226 |
| Fax: (810) 982-1148 | (313) 237-7300 |
| hflaw@iwarp.net | Fax:  (313) 961-1651 |
| | mdonnelly@fraserlawfirm.com |

**BRIEF IN SUPPORT OF MOTION TO DISMISS**
**AND FOR SUMMARY JUDGMENT**

NOW COME Defendants, Certegy Payment Recovery Services, Inc., Certegy, Inc.,

Certegy Check Services, Inc., and Fidelity National Information Services, Inc., and for their

Brief in Support of their motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) and their

motion for summary judgment pursuant to Fed. R. Civ. Pro. 56 state the following:

## TABLE OF CONTENTS

Questions Presented ................................................................. ii

Controlling Authority .............................................................. iii

Index of Authorities ............................................................... iv, v

I.   Introduction .................................................................. 1

II.  Facts ......................................................................... 2

III. Law and Argument ........................................................ 4

    A.    *Plaintiffs' Claims Should Be Dismissed Because None
Of The Defendants Operated The Telephone Number That
Allegedly Made The Telephone Calls* ............................... 5

    B.    *Plaintiffs' Claims Under The Michigan Collection Practices
Act (MCLA 339.915, et seq., The Michigan Consumer
Protection Act (MCLA 445.901, et seq.)  and The Federal
Fair Debt Collection Practices Act, 15 U.S.C. 1692 Must Fail
As None Of The Defendants Were Attempting To Collect A
Debt From Plaintiffs* .................................................... 5

    C.    *Plaintiffs' Common Law Claims Of Intentional Infliction Of
Emotional Distress, Negligent Infliction Of Emotional Distress
And Invasion Of Privacy Should Be Dismissed* ................. 7

        i.    Plaintiffs' Claim For Intentional Infliction of Emotional
Distress Must Fail. ................................................. 8

        ii.   Plaintiffs' Claim For Negligent Infliction of Emotional
Distress Must Also Fail Because Plaintiffs Have Failed
To State A Claim Against Defendants. .......................... 9

        iii.  Plaintiffs' Claim For Invasion Of Privacy Must Fail
For They Have Failed To State A Claim Upon Which
Relief Can Be Granted .............................................. 9

IV.   CONCLUSION ............................................................. 11

## **QUESTIONS PRESENTED**

HAVE PLAINTIFFS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED IN THEIR COMPLAINT AGAINST THE DEFENDANTS IN THIS MATTER?

Plaintiffs answer, "No."

Defendants answer, "Yes."

SHOULD PLAINTIFFS COMPLAINT BE DISMISSED BECAUSE THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT DEFENDANTS ARE NOT LIABLE UNDER PLAINTIFFS' COMPLAINT?

Plaintiffs answer, "No."

Defendants answer, "Yes."

## __CONTROLLING AUTHORITY__

Fed. R. Civ. Pro. 12(b)(6) and Fed. R. Civ. Pro. 56.

# INDEX OF AUTHORITY

**Cases**                                                                                                        **Page**

*Beaumont v. Brown*, 401 Mich. 80; 257 N.W.2d 522 (1977) ................................... 10

*Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*,
   373 F.3d 807, 812 (6th Cir. 2004 ......................................................... 4

*Bramlage v. Wells Fargo Home Mortgage, Inc.*,
   144 Fed. Appx. 489, 493 (6th Cir. 2005) ............................................... 5

*Brill v. Lante Corp.*, 119 F.3d 1266, 1275 (7th Cir. 1997) ........................................ 5

*Conley v. Gibson*, 355 U.S. 41, 45-56; 78 S. Ct. 99;
   2 L.Ed.2d 80 (1957) ................................................................... 4

*Daley v. LaCroix*, 384 Mich. 4; 179 N.W.2d 390 (1970) ........................................ 9

*Doe v. Mills*, 212 Mich.App. 73; 536 N.W.2d 824 (1995) ...................................... 10, 11

*Early Detection Center, P.C.  v. New York Life Insurance Company*,
   157 Mich.App. 618; 403 N.W.2d 830 (1986) ....................................... 10

*Hatchett v. U.S.*, 330 F.3d 875, 880 (6th Cir. 2003) .................................... 4

*Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) ............................... 4, 5

*Lewis v. Legrow*, 258 Mich.App. 175, 198; 670 N.W.2d 675 (2003) ..................... 8

*Linebaugh v. Sheraton Michigan Corporation*,
   198 Mich.App. 335, 342; 497 N.W.2d 585 (1983) ............................... 8

*Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) .................................. 4

*Roberts v. AutoOwners, Inc.* 422 Mich. 594; 374 N.W.2d 905 (1985) ................... 8

*Scheuer v. Rhodes*, 416 U.S. 232, 236; 94 S. Ct. 1683; 40 L.Ed.2d 90 (1974) ........ 4

*Via The Web Designs, LLC v. Beauticontrol Cosmetics, Inc.*,
   148 Fed. Appx. 483, 489 (6th Cir.2005) .............................................. 5

*Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103 (6th Cir. 1996) ..................... 7

*Weiner v. Klais & Co.*, 108 F.3d 86, 88-89 (6th Cir. 1997) ....................................... 4

iv

**Statutes**                                                                 **Page**

MCL 445.1501 – MCL 445.1546 ........................................................    6

MCLA 339.915........................................................................    5

MCLA 445.901 ......................................................................    5

MCLA 445.903........................................................................    6


15 U.S.C. § 1692 ...................................................................    5, 6, 7


**Court Rules**

Fed. R. Civ. Pro. 12(b)(6) ........................................................    iii, 4

Fed. R. Civ. Pro. 56 ...............................................................    iii, 4


**Other**

*Restatement (Second) Tort, Section 652C* .................................    10

1974 PA 269 ........................................................................    6

## I.    INTRODUCTION

Plaintiffs' Complaint is based upon allegations that a facsimile number operated by one or more of the Defendants made repeated telephone calls to their house between December 2007 and May 2008.   Plaintiffs allege both statutory claims (centering on unfair debt collection practices) and common law claims (which *inter alia* allege that Defendants' conduct was so outrageous as to offend civilized society).   However, Defendants have investigated this matter and determined that the number from which the alleged telephone calls were coming was not operated by any of the Defendants in this case.   That is in an of itself enough to dismiss Plaintiffs' complaint in its entirety.   However, even assuming *arguendo* that the calls came from telephone number associated with one of the Defendants, both the statutory and common law claims must fail.

As to the statutory claims under the federal and state collection practices acts, none of the Defendants, based on the facts as set forth in the First Amended Complaint, were attempting to collect a debt from either of the Plaintiffs.   In fact, neither the Plaintiffs nor their telephone number are in any of the Defendants' systems.   Therefore, Plaintiffs have failed to state a claim and there is no genuine issue of material fact with regard to the statutory claims, since none of the Defendants operated the telephone number in question nor were they attempting to collect a debt from Plaintiffs.   As to the Michigan Consumer Protection Act claim, the facts as claimed by the Plaintiffs in the complaint make clear none of the Defendants were involved in trade or commerce with them.   Therefore, all of the statutory claims have failed to state a claim against the Defendants.

With regard to the common law claims, Plaintiffs have also failed to state a claim and there is no genuine issue of material fact since the undisputable evidence is that none of the

alleged telephone calls were made intentionally and were most likely the result of a computer glitch. Furthermore, even if the telephone calls did originate from one of the Defendants' telephone lines, a computer glitch of that nature cannot be deemed such outrageous conduct as to meet the threshold for intentional infliction of emotional distress. Plaintiffs have failed to plead under their negligent infliction of emotional distress count that Defendants owed a duty to Plaintiffs that was breached, and, therefore that claim must fail. Plaintiffs have also failed to state a claim for invasion of privacy. To prevail on that count Plaintiffs must show that they had a matter that was private to them (their telephone number), that they had a right to keep the matter private and that the Defendants invaded their privacy by obtaining the information about the matter by a method which would be objectionable to a reasonable person. Since the telephone number was obtained through a computer glitch on a random basis, and Plaintiffs' telephone number is a public telephone number, Plaintiffs cannot meet the threshold for this count.

## II.    FACTS

Plaintiffs allege in their Complaint that they received repetitive telephone calls in December 2007 from a facsimile number of 1-727-570-8810. (See Exhibit A, Plaintiffs' First Amended Complaint, p. 3). They allege that they contacted their telephone carrier, AT & T, and as a result the telephone calls stopped at that time. They further allege that in April 2008 the telephone calls began again. (See Exhibit A, Plaintiffs' First Amended Complaint, p. 3.) They further allege that by May 1, 2008 the telephone calls stopped again. (See Exhibit A, Plaintiffs' First Amended Complaint, p. 4.) They allege that on or about May 13, 2008 the telephone contact from Defendants began again. (See Exhibit A, Plaintiffs' First Amended Complaint, p. 4.) Plaintiffs allege that they attempted to contact "Defendants" by phone and spoke to an

individual in collections who identified herself as Toni as well as an Inger and/or Jason, advising them of the telephone calls. (See Exhibit A, Plaintiffs' First Amended Complaint, pp. 3-4.) Plaintiffs do not make any allegations that there were any telephone calls beyond May 20, 2008.

Defendants have investigated Plaintiffs' claims in this matter and have determined that the number from which the alleged telephone calls came 1-727-570-8810, is operated by Fidelity National Card Services, Inc. ("Fidelity Card") and not by any of the Defendants. See Exhibit B, Affidavit of Karen Graff, ¶3.

Fidelity Card is a credit and debit card servicing company which facilitates and runs card services for various clients, including banks. (See Exhibit B, Affidavit of Karen Graff, ¶4.)

The number identified above is a facsimile telephone line used to receive written disputes for charges on either debit or credit cards from customers of the debit or credit cards. (See Exhibit B, Affidavit of Karen Graff, ¶5.)

Defendants' investigation further shows that, to the extent the telephone calls were made from the number above, it was the result of an unknown computer glitch in Fidelity Card's computer system. The number above is intended to receive facsimiles and not to make any telephone calls.

Plaintiffs allege that they contacted Defendants and spoke to a "Toni", "Inger" and/or "Jason" advising them of the telephone calls. (See Exhibit A, Plaintiffs' First Amended Complaint, p. 4.) However, none of the persons identified in Plaintiffs' Complaint worked for Fidelity Card. Therefore, Fidelity Card was not aware of the telephone calls being made at any time prior to the filing of this lawsuit.

### III.    STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) is procedural and tests the sufficiency of the complaint. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In order for a trial court to grant a motion to dismiss for failure to state a claim upon which relief may be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *Conley v. Gibson*, 355 U.S. 41, 45-56; 78 S.Ct. 99; 2 L.Ed.2d 80 (1957). In reviewing a motion brought pursuant to Fed. R. Civ. Pro. 12(b)(6), a trial court may consider only the statements and facts contained in the pleadings and may not consider or rely on evidence outside the complaint, and the court must construe the complaint in the light most favorable to plaintiff. *Weiner v. Klais & Co.*, 108 F.3d 86, 88-89 (6th Cir. 1997); *Scheuer v. Rhodes*, 416 U.S. 232, 236; 94 S.Ct. 1683; 40 L.Ed.2d 90 (1974).

A motion pursuant to Fed. R. Civ. Pro. 56(C)  tests the factual support of a plaintiff's claim**.** *Bituminous Cas. Corp. v. J & L Lumber Co. Inc.***,** 373 F.3d 807, 812 (6th Cir. 2004).  In reviewing the motion, the court considers the pleadings, affidavits, and other documentary evidence filed in the action or submitted by the parties in the light most favorable to the nonmoving party. *Hatchett v. U.S.*, 330 F.3d 875, 880 (6th Cir. 2003).  The motion is properly granted if the documentary evidence presented shows that there is no genuine issue with respect to any material fact and the moving party is therefore entitled to judgment as a matter of law. See *Bituminous*, *supra*, at 812; *Hatchett*, *supra*, at 880.

Although a motion for summary judgment pursuant to Fed. R. Civ. Pro. 56(C) is generally premature if discovery has not closed, summary judgment may nevertheless be granted prior to the close of discovery if there is no fair likelihood that further discovery would yield support from the nonmoving party's position.  See, *e.g.*, *Lanier v. Bryant*, 332 F.3d 999,

1006 (6th Cir. 2003); *Bramlage v. Wells Fargo Home Mortgage, Inc.*, 144 Fed. Appx. 489, 493 (6th Cir. 2005); *Via The Web Designs, LLC v. Beauticontrol Cosmetics, Inc.*, 148 Fed. Appx. 483, 489(6th Cir. 2005); *Brill v. Lante Corp.,* 119 F.3d 1266, 1275 (7th Cir. 1997).

## IV.    LAW AND ARGUMENT

   A.    *Plaintiffs' Claims Should Be Dismissed Because None Of The Defendants Operated The Telephone Number That Allegedly Made The Telephone Calls.*

Plaintiffs have failed to state a claim against any of the Defendants in this case because the telephone number which they allege originated the telephone calls to their home was not operated by any of the Defendants in this case.  (See Exhibit B, Affidavit of Karen Graff, ¶ 7.) Plaintiffs' counsel has confirmed that the only number from which the alleged telephone calls came from was the number identified in Plaintiffs' First Amended Complaint.  None of the Defendants in this case, intentionally or unintentionally, made any telephone calls to Plaintiffs' residence.  Therefore, Plaintiffs' claims against the Defendants should be dismissed on this basis.

   B.    *Plaintiffs' Claims Under The Michigan Collection Practices Act (MCLA 339.915, et seq.), The Michigan Consumer Protection Act (MCLA 445.901, et seq.)  and The Federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 Must Fail As None Of The Defendants Were Attempting To Collect A Debt From Plaintiffs*

Plaintiffs claim the three statutory counts are based on Defendants' alleged behavior in attempting to collect a debt.  But as stated above and in the complaint, none of the Defendants were operating as a debt collector even if the alleged telephone calls were made to Plaintiffs' residence.  The Michigan Collection Practices Act states that a debt collector is defined as:

   (b) "Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another arising out of an expressed or implied agreement….

See MCLA 339.915.

Next, the Michigan Consumer Protection Act does not cover the Defendants in this action because they were not engaged in "trade or commerce" with Plaintiffs. MCLA 445.903 states:

> (1) Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and are defined as follows:

See MCLA 445.903. "Trade or commerce" are defined in the act as follows:

> "Trade or commerce" means the conduct of a business providing goods, property, or service primarily for personal, family, or household purposes and includes the advertising, solicitation, offering for sale or rent, sale, lease, or distribution of a service or property, tangible or intangible, real, personal, or mixed, or any other article, or a business opportunity. "Trade or commerce" does not include the purchase or sale of a franchise, but does include pyramid and chain promotions, as "franchise", "pyramid", and "chain promotions" are defined in the franchise investment law, 1974 PA 269, MCL 445.1501 to 445.1546.

None of the Defendants were engaged in trade or commerce with the Plaintiffs. Therefore, the Defendants are not covered under the Michigan Consumer Protection Act based on the undisputed facts in this case.

Finally, the federal Fair Debt Collection Practices Act ("FDCPA") also does not apply to Defendants. It only applies to communications regarding a debt:

> (a) Communication with the consumer generally
>
> > Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer *in connection with the collection of any debt*--

[Emphasis added] See 15 U.S.C. § 1692c. Furthermore, Defendants where not attempting to collect a debt:

> **(6)** The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

See 15 U.S.C. § 1692a.

Section 1692k of the FDCPA imposes liability only on a " *debt **collector*** who fails to comply with [a] provision of this subchapter...." 15 U.S.C. § 1692k(a) (emphasis supplied).  See *Wadlington v. Credit Acceptance Corp.,* 76 F.3d 103 (6th Cir. 1996).

All three statutes define a debt collector as someone who is attempting to collect a debt on behalf of another, or require that the Defendants be involved in trade or commerce with the Plaintiffs for the statutes to apply.  As stated the facts in the complaint make clear, none of the Defendants were attempting to collect a debt from Plaintiffs in this matter and had no relationship with the Plaintiffs.  In fact, neither the Plaintiffs nor their telephone number are found in any of the systems of any of the Defendants.  Plaintiffs even concede in their complaint that they are basing their complaint on their claim that Defendants were attempting to collect a debt.  (See Exhibit A, Plaintiff's First Amended Complaint, ¶¶23(a)-(g), 26(a)-(g) and 51.)  Therefore, since none of the Defendants were attempting to collect a debt from Plaintiffs nor were they involved in trade or commerce with them, the statutory claims must fail as a matter of law.

C.    *Plaintiffs' Common Law Claims Of Intentional Infliction Of Emotional Distress, Negligent Infliction Of Emotional Distress And Invasion Of Privacy Should Be Dismissed.*

There being no statutory claims against Defendants in this case, Plaintiffs' attempts to bootstrap several state common law claims into this action.  Each of them fail to state a claim against Defendants, and furthermore there is no genuine issue of material fact that any of the Defendants' conduct, even taking all Plaintiffs' allegations as true, would be sufficient to state a claim for cause of action under these counts.

     i.    <u>Plaintiffs' Claim For Intentional Infliction of Emotional Distress Must Fail.</u>

In order to state a claim for intentional infliction of emotional distress, Plaintiffs must be able to show that the Defendants' conduct was extreme and outrageous conduct, that it was done intentionally or with complete recklessness, that it directly caused the Plaintiffs' distress and that Plaintiffs suffered severe emotional distress. *Roberts v. AutoOwners, Inc.* 422 Mich. 594; 374 N.W.2d 905 (1985). "A plaintiff can show that a defendant specifically intended to cause the plaintiff's emotional distress or a defendant's conduct was so reckless that 'any reasonable person would know that emotional distress would result.'" *Lewis v. Legrow*, 258 Mich.App. 175, 198; 670 N.W.2d 675 (2003). For a plaintiff to prevail on this claim, they must show that the defendant's conduct was so outrageous and extreme that it went "beyond all possible bounds of decency" and would be "regarded as atrocious and utterly intolerable in a civilized community." *Linebaugh v. Sheraton Michigan Corporation,* 198 Mich.App. 335, 342; 497 N.W.2d 585 (1983).

Plaintiffs' claim that one or more of the Defendants acted intentionally in inflicting emotional distress through telephone calls made from the telephone number identified in Plaintiffs' First Amended Complaint. However, as shown in Exhibit B, Affidavit of Karen Graff, ¶¶ 3, 7 and 8, there was no intentional act in making the telephone calls from the facsimile number to Plaintiffs' residence. Clearly it was a result, if the calls were made, of a computer glitch and, in fact, was unknown by Defendants and Fidelity Card at the time they were being made. This is further supported by the fact that the line used to make the telephone calls was intended for incoming facsimile disputes for cardholders. It was not intended for outgoing calls. Therefore, if any of the Defendants had intended to make such telephone calls, which they did not, they certainly would not have used this telephone line and would not have used a

facsimile telephone line.  Therefore, at worst, the telephone calls were made as a result of a computer glitch and were clearly unintentional acts.

Furthermore, a computer glitch is not "beyond all possible bounds of decency" and no one would regard it as "atrocious and utterly intolerable in a civilized community."   In fact, computer glitches are an evermore common event as we become more computerized in this society.  Given that there is no evidence that any action on the part of the Defendants was intentional, much less that the telephone number was operated by them, Plaintiffs' claim for intentional infliction of emotional distress must fail.

        ii.    <u>Plaintiffs' Claim For Negligent Infliction of Emotional Distress Must Also Fail Because Plaintiffs Have Failed To State A Claim Against Defendants</u>.

 In order to prevail on the claim of negligent infliction of emotional distress, Plaintiffs must show that Defendants owed a duty to Plaintiffs, that Defendants breached that duty, that the breach was the proximate result of Defendants' negligent conduct, that the Defendants' negligent conduct proximately caused emotional distress to Plaintiff, and that the emotional distress resulted in a definite and objective physical injury.  *Daley v. LaCroix*, 384 Mich. 4; 179 N.W.2d 390 (1970).  Plaintiffs have failed to plead in their First Amended Complaint any duty owed to them by Defendants or that Defendants have breached that duty.  (See Exhibit A, Plaintiffs' First Amended Complaint.)  Furthermore, Plaintiffs have failed to state a claim as Defendants did not engage in the conduct alleged in their Complaint.  (See Exhibit B, Affidavit of Karen Graff, ¶ 7.)

        iii.    <u>Plaintiffs' Claim For Invasion Of Privacy Must Fail For They Have Failed To State A Claim Upon Which Relief Can Be Granted</u>.

Plaintiffs allege that Defendants invaded their privacy through the telephone calls that were made to their residence.  However, in order to prevail on a claim for invasion of privacy, a plaintiff must proceed under one of four theories:   intrusion, appropriation, disclosure of

embarrassing private facts, and false light.  *Beaumont v. Brown*, 401 Mich. 80; 257 N.W.2d 522 (1977).  In order to prevail under a theory of appropriation, plaintiff must show that the defendant used a name or likeness to his or her pecuniary advantage, the name or likeness was the plaintiff's, and the name and likeness was used in reference to the plaintiff.  *Restatement (Second) Tort, Section 652C*.  Clearly, Plaintiffs cannot proceed under this count because there was no use of their name or likeness and particularly not for the Defendants' pecuniary advantage.

With regard to the theory of disclosure of embarrassing private facts, a plaintiff must show that a defendant disclosed information concerning the plaintiff, the disclosure of the information would be highly offensive to a reasonable person, and the information is of no legitimate concern to the public.  *Doe v. Mills*, 212 Mich.App. 73; 536 N.W.2d 824 (1995). Clearly the facts as alleged in Plaintiffs' First Amended Complaint do not support any claim for disclosure of embarrassing private facts by Defendants.

With regard to the theory of false light, a plaintiff must show a communication was broadcast to the public in general or publicized to a large number of people, the communication placed the injured party in light which would be highly offensive to a reasonable person, the defendant must have had knowledge of, and acted with reckless disregard, as to the falsity of the publicized matter and the false light in which the others would be placed.  *Early Detection Center, P.C.  v. New York Life Insurance Company*, 157 Mich.App. 618; 403 N.W.2d 830 (1986).  Clearly, there was no communication broadcast to the public in this case and therefore this theory would not apply.

The only claim that Plaintiffs appear to be making is under the theory of intrusion upon seclusion, solitude or private affairs.  However, in order to prevail under this count, a plaintiff

must show that it has a matter that is **_private_** to him or her, the plaintiff has the right to keep the matter private, and the defendant invaded plaintiff's privacy by obtaining information about the matter by a method that would be objectionable to a reasonable person.  *Doe v. Mills, supra.* Clearly, a publicly published telephone number is not a matter that is considered to be private to Plaintiffs.  A computer glitch is not a method of obtaining that number which would be considered objectionable to a reasonable person.  Therefore, Plaintiffs' claim for invasion of privacy must also fail as a matter of law.

## IV.    CONCLUSION

There is no legal theory to pursue the Defendants in this matter for what was clearly, at worst, a computer glitch.  None of the Defendants were involved in the conduct alleged in the First Amended Complaint and even the non-party Fidelity Card has no liability for this type of computer glitch for all the reasons stated above.  Therefore, Plaintiffs' claims must fail as a matter of law.

WHEREFORE, Defendants respectfully request this Honorable Court to dismiss Plaintiffs' lawsuit with prejudice and award sanctions of attorney fees and costs incurred by Defendants.

*Respectfully submitted,*

**FRASER TREBILCOCK DAVIS & DUNLAP, P.C.**
Attorney for Defendants

By: /s/ Michael P. Donnelly
MICHAEL P. DONNELLY (P-45221)
One Woodward Ave., Suite 1550
Detroit, MI 48226
Phone:  (313) 237-7300
Fax:  (313) 961-1651
mdonnelly@fraserlawfirm.com

11

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

DAVID DUSTERHOFT and VICKY
DUSTERHOFT,

                    Plaintiffs,

vs.

                                          Case No.: 2:09-cv-12372-PJD-MJH

CERTEGY PAYMENT RECOVERY
SERVICES, INC., CERTEGY, INC.,                   Hon. Patrick J. Duggan
CERTEGY CHECK SERVICES, INC., And
FIDELITY NATIONAL INFORMATION
SERVICES, INC.,

                    Defendants.

---

| | |
|---|---|
| DAVID R. HEYBOER (P-27975) | MICHAEL P. DONNELLY (P-45221) |
| **HEYBOER & FLOYD, PLLC** | **FRASER TREBILCOCK DAVIS &** |
| Attorney for Plaintiffs | **DUNLAP, P.C.** |
| 511 Fort Street, Suite 532 | Attorneys for Defendants |
| Port Huron, MI 48060 | One Woodward Ave., Suite 1550 |
| (810) 982-5400 | Detroit, MI 48226 |
| Fax: (810) 982-1148 | (313) 237-7300 |
| hflaw@iwarp.net | Fax: (313) 961-1651 |
| | mdonnelly@fraserlawfirm.com |

---

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned certifies that on July 23, 2009, he electronically filed the foregoing
paper with the Clerk of the Court using the ECF system which will send notification of such
filing to the following:

                    David R. Heyboer at hflaw@iwarp.net

                    **FRASER TREBILCOCK DAVIS &**
                    **DUNLAP, P.C.**
                    Attorney for Defendants

                    By: /s/ Michael P. Donnelly
                        MICHAEL P. DONNELLY (P-45221)
                        One Woodward Ave., Suite 1550
                        Detroit, MI 48226
                        Phone: (313) 237-7300