UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DUSTERHOFT and VICKY
DUSTERHOFT,

       Plaintiffs,                             Case No. 09-12372

v.                                       Honorable Patrick J. Duggan

CERTEGY PAYMENT RECOVERY
SERVICES, INC., CERTEGY, INC.,
CERTEGY CHECK SERVICES, INC., and
FIDELITY NATIONAL INFORMATION
SERVICES, INC.,

       Defendants.

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 30, 2009.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

David and Vicky Dusterhoft ("Plaintiffs") filed the present lawsuit in the St. Clair

County Circuit Court on May 14, 2009. After Plaintiffs filed a first amended complaint

adding Fidelity National Information Services, Inc. as a defendant, Certegy Payment

Recovery Services, Inc., Certegy, Inc., Certegy Check Services, Inc., and Fidelity

National Information Services, Inc. (collectively "Defendants") removed the lawsuit to

this Court on June 19, 2009. Presently before the Court is Defendants' Combined Motion

to Dismiss and for Summary Judgment, filed on July 23, 2009. Plaintiff failed to respond

to the motion and the Court dispensed with oral argument pursuant to Eastern District of

Michigan Local Rule 7.1(e)(2) on September 22, 2009.

## I. Background

In their first amended complaint, Plaintiffs allege that they received repeated and

harassing telephone calls between December 2007 and May 2008 from a facsimile line

using the phone number 1 (727) 570-8810.  (First Am. Compl. ¶¶ 9-12, 19.)  Plaintiffs

further allege that Defendants are responsible for these phone calls.  Based on this alleged

conduct, Plaintiffs are pursuing six claims against Defendants: (I) violation of the

Michigan Collection Practices Act, (II) violation of the Michigan Consumer Protection

Act, (III) intentional infliction of emotional distress, (IV) negligent infliction of emotional

distress, (V) invasion of privacy, and (VI) violation of the Fair Debt Collection Practices

Act.

During their investigation of Plaintiffs' claims, Defendants determined that the

aforementioned telephone line is operated by Fidelity National Card Services, Inc., which

is not a party to this lawsuit, as a facsimile line to receive disputes regarding charges on

credit or debit cards.  (Defs.' Mot. Ex. B ¶¶ 3, 5.)  That line is operated by a central

computer and not intended for outgoing facsimiles.  (*Id.* ¶¶ 5-6.)  Based on that discovery,

Defendants filed the present combined motion to dismiss and for summary judgment.[1]  At

the conclusion of their motion, Defendants also request that the Court impose sanctions

---

[1]The Court analyzes the present motion as one for summary judgment because it requires consideration of evidence contained outside the pleadings.  *See Abbott v. Michigan*, 474 F.3d 324, 332 n.8 (6th Cir. 2007).

against Plaintiffs in the amount of actual attorney fees and costs pursuant to Rule 11 of the Federal Rules of Civil Procedure for filing a frivolous action. (Defs.' Mot. ¶ 12.)

## II. Standard of Review

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. at 2553. Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading . . . ." Fed. R. Civ. P. 56(e)(2).

## III. Plaintiffs' Claims

In this case, Plaintiffs' claims depend on the factual allegation that Defendants used the telephone line attached to the number 1 (727) 570-8810 to make harassing calls in

violation of statutory and common law.  Defendants have submitted evidence, however, that they do not operate that telephone line.  Furthermore, Plaintiffs failed to respond with specific facts showing a genuine issue for trial regarding Defendants' operation of that line.  Because the named Defendants do not have control over the telephone line, they cannot be held liable for the alleged statutory violations and torts and are entitled to summary judgment.

## IV. Rule 11 Sanctions

In view of the foregoing analysis, Defendants argue that Plaintiffs filed a frivolous action pursuant to Rule 11 of the Federal Rules of Civil Procedure and should be sanctioned in the amount of Defendants' actual attorney fees and costs.  When a party moves for sanctions pursuant to Rule 11, he or she must do so in a motion "made separately from any other motion" and that motion must not be filed until the opposing party has had an opportunity to correct his or her allegedly sanctionable conduct.  Fed. R. Civ. P. 11(c)(2).  In this case, Defendants did not file a separate motion for sanctions and did not give Plaintiffs the requisite opportunity to dismiss the complaint.[2]  For these reasons, sanctions are not warranted in this case.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' request for sanctions is **DENIED**.

---

[2]Defendants sought concurrence from Plaintiffs' counsel in the present motion on July 16, 2009, which Plaintiffs' counsel refused.  (Defs.' Mot. ¶ 11.)  Defendants filed the present motion one week later.  *See* Fed. R. Civ. P. 11(c)(2) (requiring that the opposing party be given 21 days to correct its challenged conduct).

A judgment consistent with this opinion shall issue.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
David R. Heyboer, Esq.
Michael P. Donnelly, Esq.